IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN DOE,
By and through his Mother,
    JANE DOE

v.

SOMERSET PUBLIC SCHOOL COMMITTEE;
The Town of SOMERSET and EDWARD CALLAHAN;
    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

This cause of action arises from Defendants' deliberately indifferent response to a student-on-student sex/gender-based assault, bullying, and sex/gender based harassment on school premises by John Doe's fellow students. Defendants' failure to promptly and appropriately investigate and respond to the sex/gender based assaults, bullying and harassment of Plaintiff subjected Plaintiff to further sex/gender based assault, bullying and harassment and created a hostile environment, effectively denying his access to educational opportunities. As a result of Defendants' actions, Plaintiff was also denied his rights under the Due Process Clause as his bodily integrity was compromised.

Plaintiff, John Doe, a minor by and through his mother Jane Doe, and his attorney, Sonja L. Deyoe, via the Law Offices of Sonja L. Deyoe, hereby files the following complaint against Defendants as captioned above.

## I. JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

1

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

3.      Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4.      The Plaintiff also brings this action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.      "John Doe" has been substituted for Plaintiff's name for all causes of action brought through this Complaint. Plaintiff is a minor at the time of the sex/gender based battery's, harassment, and torture.

6.      As Plaintiff, John Doe is a minor, suit is brought in a representative capacity by and through his mother, Jane Doe whose name is also kept anonymous as its disclosure would lead to the identification of the minor John Doe.  John Doe is among the class of persons protected by Title IX of the Education Amendments of 1972, as amended ("Title IX").

7. Venue is proper in the Eastern District of Massachusetts pursuant to 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

8. This Court has jurisdiction over plaintiffs' claims under Title IX of the Education Amendments of 1972, as amended, and pursuant to 42 U.S.C. sec. 1983.

## II. THE PARTIES

9. Plaintiff is a male and 14 years of age on the date of the filing of this action. This action is brought by his Mother, Jane Doe, on his behalf as his parent and guardian.

10. At all material times Plaintiff was a resident of the County of Bristol, Commonwealth of Massachusetts.

11. At the time of events complained of herein, Plaintiff was a student attending middle school operated within the authority of the Defendant Somerset Public School Committee ("the School District" or "SPS").

12. Defendant Somerset Public School Committee is the civil entity responsible for operating and governing the public schools in the Town of Somerset, Bristol county, Massachusetts including the Somerset Middle School. Defendant operates under color of law.

13. The Defendant Town of Somerset, County of Bristol, Commonwealth of Massachusetts is sued at the entity responsible for the SPS.

14. Defendant EDWARD CALLAHAN, was the Vice Principal of the Somerset Middle School. He is a person responsible for formulating and implementing policies and ensuring that same comply with legal requirements and for his own deliberate failure to act

on information pertaining to the Plaintiff John Doe.  He acted under color of law at all times relevant hereto.

15.     At all material times, Plaintiff's attacker, "ED" was a student attending the Defendant School District.  He is also a minor.

### III. APPLICABLE LAW AND POLICY

16.     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . .

17.     Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106.

18.     34 C.F.R. § 106.8(b) provides: . . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

19.     In Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

20.     In Davis v. Monroe County Board. of Education, 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in Gebser to cases where the harasser is a student, rather than a teacher.

21.     Davis held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding

recipient is a) deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. Davis, 526 U.S. at 1669–76.

22. The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

## IV. COMMON ALLEGATIONS

23. At all material times, the SPS was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, et seq.

24. The SPS implemented and executed policies and customs in regard to the events that resulted in the deprivation of John Does Title IX rights and his constitutional rights.

25. The SPS is responsible for the deliberate acts and omissions of its employees to include Vice Principal Callahan.

26. At the time of the attacks that gave rise to the events complained of herein, Plaintiff was a 12 year -old sixth grader at Somerset Middle School High School ("Somerset Middle School").

27. At the time of the attacks that gave rise to this action, student "ED," was also a sixth grader at Somerset Middle School.

28. Prior to the 2017-2018 school year, in May or June of 2017, the Plaintiff by and through his mother, had complained to the Defendant SPS via Brianna Bedard, its School Adjustment Co-coordinator that Plaintiff had been the victim of harassment from ED and others based on his sex.

29. In September 2017, Plaintiff, by and through his mother, notified Defendant Vice Principal Callahan that the Plaintiff had been bullied and attacked due to his gender, and perceived sexual orientation or actual orientation in his elementary school by ED in the prior year.  Plaintiff's mother was told that what happened outside of the present school Plaintiff was placed in was irrelevant to the middle school.

30. From September 2017 to April 2018, Plaintiff's mother repeatedly contacted the Somerset Public Schools speaking to the Defendant Vice Principal, and the counselor, amongst others and complained that Plaintiff was being harassed, assaulted and bullied due to his sex/gender and orientation by ED and ED's friends.

31. In the 2017-2018 school year, Plaintiff's friend, HD, a female minor, repeatedly reported both the verbal and physical attacks on the Plaintiff and herself to authorities at the school to include Defendant Vice Principal Callahan, Guidance Counselor Elaine Sabra, Teachers Mr. Matthew Farinha, Ms. Jessica Joynt, and Ms. Lynn Pratas.

32. Each time Plaintiff or his friend documented and/or reported ongoing problems to SDS officials, the SDS and Defendant Callahan took no remedial measures and/or no remotely effective remedial measures to protect John Doe, despite having notice that Plaintiff continued to experience sex/gender/orientation based harassment, attacks and bullying in school.

33. During the 2017-2018 school year the Plaintiff was repeatedly and continually, on a weekly or biweekly basis, harassed, assaulted and bullied by ED and ED's friends. They would say things to Plaintiff, who dressed in a feminine manner, and had feminine characteristics, who identified as bisexual, such as:

    a. He would burn in hell for being homosexual

      b. That Plaintiff a fag, sissy, and pussy.

34. ED and ED's friends would repeatedly hit, kick, throw papers at, harass, and otherwise annoy Plaintiff because they perceived him as being girly, gay or transgender.

35. In or about December 2017, the Plaintiff was again assaulted by ED due to his sexual orientation/gender/sex. During that assault, Plaintiff was kicked, bullied and battered. This assault was noted by the Defendant SPS but it still took no effective action to stop the ongoing attacks, harassment and bullying of the Plaintiff.

36. In or about the third week of March 2018, after said assaults and harassment of him continued, the Plaintiff defended himself against ED by kicking him in a hallway when he snapped after being repeatedly assaulted, bullied and harassed due to his sex/gender and orientation.

37. At no time prior to March 2018, when the Plaintiff defended himself, did Defendant SPS, Defendant Callahan, or SPS by its employees, take any action to effectively address the ongoing known attacks on John Doe or the harassment of John Doe despite direct knowledge of it and their direct knowledge that John Doe was being targeted due to his gender/sex, orientation, and feminine characteristics.

38. In or about April 11, 2018, the Plaintiff was hospitalized when he carved the word "die" on his left arm, made numerous cuts on his legs that he was picking, and stated that he did not want to live anymore. This hospitalization was directly related to the bullying, harassment, attacks of ED and the Defendants' deliberate failure to take any steps to address it.

39. On April 23, 2018, when Plaintiff was hospitalized, the Title IX coordinator, MARTIESIAN, put together a safety contract that stated that Plaintiff would be separated

7

from ED and ED's friends except for Chorus where Plaintiff would be required to attend classed with these individuals and be seated a different tables during lunch.

40. Plaintiff's favorite class, and main source of enjoyment was Chorus where he excelled due to his artistic abilities.

41. This safety contract was deliberately drafted to be insufficient under title IX and to punish Plaintiff John Doe in that it would have required Plaintiff John Doe to continue to have contact and be in the presences of his harassers and attackers.

42. When Plaintiff realized that he would still be required to deal with ED, at the time he, through his mother, was presented with the safety contract he was forced to seek an out of district placement and then leave the school to avoid the continuing hostile environment caused by the repeated attacks and abuse he suffered due to his gender/sex/orientation.

43. In or about May 2018, after a further period out of school, the Defendant SPS agreed to move Plaintiff to an out of district placement.  Said placement would not have been necessary if the Defendant properly removed ED from the school due to his conduct in violation of Title IX and or properly handled ED during the period it was aware that ED and his friends were engaged in the aforementioned sexual/gender based attacks, harassment and bullying of Plaintiff.

44. Plaintiff suffered sex-based harassment that was severe, pervasive, and objectively offensive.

45. The sex/gender based assaults, bullying and harassment deprived Plaintiff of access to the educational opportunities or benefits of the school as it forced Plaintiff to leave the middle school, and miss periods of schooling.

46. SDS officials including the Defendant Vice Principal Callahan and the IX Coordinator had the authority to take remedial action to correct the sex/gender-based harassment, assaults and bullying that they had actual knowledge of.

47. The Defendants responded with deliberate indifference to the sex/gender-based harassment, assaults and bullying of Plaintiff John Doe as is set forth above.

48. As a result of the above conduct, Plaintiff has required inpatient mental health care, mental health counseling and increased medication for depression and anxiety to cope with the stress of the attendance at the Somerset Middle School.

49. As a direct and proximate result of the violent and harassing educational environment created by Defendants' deliberately indifferent response to the sexual assault bullying and harassment, Plaintiff has suffered and continues to suffer psychological damage, emotional distress, loss of standing in his community, and damage to his reputation, and his future relationships have been negatively affected.

50. Plaintiff has required ongoing counseling and elevated levels of medication to address his depression and anxiety caused by Defendants' conduct and the resulting harassing educational environment.

51. Plaintiff has also been deprived of a normal childhood education due to Defendants' conduct and the resulting educational environment.

52. Plaintiff has also been damaged by missed educational opportunities and her future earning capabilities have been damaged by Defendants' conduct and the resulting hostile educational environment.

COUNT I
VIOLATION OF TITLE IX AS TO DEFENDANT
SOMERSET PUBLIC SCHOOLS (20 U.S.C. § 1681, et seq.)

(The School's Deliberate Indifference to Alleged Sex/Gender Based Assault/Harassment and Bullying)

53. Paragraphs one through 54 are incorporated by reference as if stated in full herein.

54. The sex/gender-based harassment, attacks and bullying articulated in the Plaintiffs' General Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school as is evidenced by the fact Plaintiff was required to be hospitalized during the school year and seek an out of district placement following a period when he completed assignments at home.

55. The Defendant School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

   a. Plaintiff was a member of a protected class;
   b. he was subjected to harassment in the form of a gender/sex based assault and bullying by another student;
   c. he was subjected to harassment based on his sex/gender/orientation; and
   d. he was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or address the sex/gender based assaults, harassment, and bullying

56. Defendant SDS and its officials had actual knowledge of the sex/gender based assaults, bullying and harassment of Plaintiff created by its failure to investigate and discipline Plaintiff's attackers in a timely manner and consistent with its own policy and federal and state law.

57. The Defendant SDS's failure to promptly and appropriately respond to the sex/gender based assaults, harassment and bullying of Plaintiff, resulted in Plaintiff, on the basis of his sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the SDS's education program in violation of Title IX.

58. Defendant SDS failed to take immediate, effective remedial steps to resolve the complaints of sex/gender based assaults, harassment and bullying and instead acted with deliberate indifference toward Plaintiff.

59. Defendant SDS persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff which was reported to the School by Plaintiff to his counselor and his mother, Jane Doe.

60. Plaintiff has suffered emotional distress and psychological damage, and his character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant School District's deliberate indifference to her rights under Title IX.

## COUNT II
### 1983 VIOLATION AS TO DEFENDANTS SOMERSET PUBLIC SCHOOLS, and CALLAHAN (42 U.S.C. § 1983)

61. Paragraphs one through 58 are hereby incorporated by reference as if set forth in full herein.

62. Under the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

63. Defendant CALLAHAN was a state actors acting under the color of state law.

64. Defendant Callahan subjected Plaintiff to violations of his right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate ED's misconduct; failing to appropriately discipline ED; failing to adequately train and supervise its employees; and manifesting deliberate indifference to the ongoing sex/gender based assaults, harassment and bullying of Plaintiff by other students, including ED.

65. The SDS has and/or had unconstitutional customs or policies of a) failing to investigate evidence of criminal and tortious misconduct against SDS students in the nature of violations of their right to personal security and bodily integrity and b) failing to adequately train and supervise SDS employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

66. On information and belief, the School District has followed these unconstitutional customs and policies not only with regard to Plaintiff but also with regard to criminal and tortious misconduct committed against other School District students.

67. The School District's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

68. Defendant Callahan is or was at the time of events complained of within, policymakers for the purpose of implementing the School District's unconstitutional policies or customs.

69. Plaintiff has suffered emotional distress and psychological damage, and his character and standing in his community have suffered from the assaults, harassment and

bullying fostered as a direct and proximate result of Defendant SCS and Callahan's deliberate indifference to his rights under the Fourteenth Amendment.

COUNT III.
MONELL LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE
AS TO RESPONSE TO GENDER/SEX BASED
ASSAULT, HARRASMENT AND BULLYING
AS TO DEFENDANT SOMERSET PUBLIC SCHOOLS (42 U.S.C. § 1983)

70. Paragraphs one through 67 are hereby incorporated by reference as if set forth in full herein.

71. Defendant Callahan was a "state actors" working for Somerset Public Schools, a federally funded school system.

72. Defendant Callahan acted under "color of law" when refusing to respond to Plaintiff's gender/sex based assault on school premises.

73. Defendants Callahan failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

74. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment, assault, bullying and discrimination.

75. Defendant Callahan should have known that their response to gender/sex based assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

76. Defendant Callahan violated Plaintiff's right to equal access by:

   a. Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sex/gender based violence;

  b. Failing to take prompt and effective steps to end the sex/gender based violence, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal investigation;

  c. Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

77. Defendant SCS violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

78. These policies and/or practices constituted disparate treatment of males who were transgender or had female characteristics and had a disparate impact on male students, whereas Defendants would have intervened if the same actions happened to a woman.

79. Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, and his character and standing in her community have suffered from the harassment fostered as a result of Defendant School District's deliberate indifference to his right to equal protection under the Fourteenth Amendment.

  **WHEREFORE,** Plaintiff respectfully requests judgment in her favor and against Defendants Somerset Public Schools, the Town of Somerset, and Defendant Callahan as follows:

  A. Compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in his community, damage to her reputation, and his family's expenses incurred in response to these circumstances to include medical bills and other incidental bills;

B. Punitive damages;

C. Injunctive relief requiring Defendant School District to take effective steps to prevent sex/gender-based discrimination and harassment, including gender/sex based assault, in its education programs; fully investigate conduct that may constitute sex/gender-based harassment and /or sex/gender based assault, harassment and bullying; appropriately respond to all conduct that may constitute sex/gender-based harassment and /or gender/sex based assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it.

D. Statutory interest;

E. Costs; and

F. Reasonable attorney fees.

## JURY DEMAND

Now Comes the Plaintiff, John Doe, by and through his attorney, Sonja L Deyoe and demands a trial by jury.

Plaintiffs,
By their attorney,

/s/ Sonja L. Deyoe
Sonja L. Deyoe, BBO 665991
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
(401) 354-7464 (fax)
sld@the-straight-shooter.com

15